UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAN L. TROYER, ) | CASE NO. 5:10CV45 |
| ) | |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| ) | |
| vs. ) | |
| ) | |
| ) | **MEMORANDUM OF OPINION** |
| COMMISSIONER OF SOCIAL ) | **AND ORDER** |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

This matter appears before the Court on a motion for attorney fees pursuant to 42 U.S.C. § 406(b) filed by Plaintiff's counsel. Defendant has responded in opposition, and Plaintiff has replied. For the reasons stated herein, the motion is GRANTED IN PART and DENIED IN PART.

Section 406(b) provides in relevant part as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A). Defendant has asserted that numerous grounds exist to support the denial of fees under this section. The Court now addresses those arguments.

First, Defendant contends that the Court lacks jurisdiction to award fees because the underlying complaint did not result in a judgment favorable to the claimant. Instead, the complaint was voluntarily dismissed. Doc. 14. However, this Court expressly reserved jurisdiction over the fees issue in its order of dismissal. Doc. 15. Furthermore, there is no dispute that Plaintiff received the entirety of the remedies he sought in the complaint.

Accordingly, the Court finds that the Plaintiff for all intents and purposes received a favorable judgment as a result of the litigation.  Were the Court to conclude otherwise, it would place claimants' counsel in an untenable position:  accept full settlement of a claim and forego any ability to recovery fees or continue to litigate in the face of an offer of full settlement that is in the best interest of the claimant.  Accordingly, the Court finds that an award of fees is permissible.

"Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).  In that respect, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is [] in order." *Id.*  "In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.*

This Court has received the precise information discussed in *Gisbrecht*.  In the instant matter, Plaintiff's counsel spent 15 hours on this matter.  Moreover, counsel's ordinary hourly rate is $300.00 per hour.  In the motion, counsel seeks an award of 25% of the past-due benefits for a total fee award of $38,878.51.  Based upon *Gisbrecht*, the Court finds that this fee is unreasonable.

Plaintiff is correct that this case presented in a unique posture and demanded legal research prior to its filing.  Moreover, the filing of the complaint quite clearly prompted a speedy and full resolution to Plaintiff's benefit.  However, it is not entirely clear that counsel's research

2

led to a viable cause of action. *See Bisson v. Sec'y of Health and Human Srvs.*, 787 F.2d 181, 185 (6th Cir. 1986) (finding mandamus to be the improper mechanism for challenge the manner in which the Secretary implements a decision). Regardless of the merit of the underlying complaint, however, the Court finds that the substantial and immediate benefit to the Plaintiff warrants an award of fees.

Absent counsel's diligent work, Plaintiff may have remained in limbo with an Administrative Law Judge decision in his favor, yet no action by the Commissioner to fulfill the dictates of that order. As noted above, however, *Gisbrecht* permits a reduction to the contingency fee based upon the amount of work performed. As counsel spent only 15 hours on this matter, a fee of $38,878.51 is unreasonable. After reviewing the facts, the Court finds that an award of $10,000 in attorney fees is appropriate. This award recognizes the risk of taking on this matter in a contingency fashion, but also prevents a windfall to counsel in a matter that by counsel's own admission required less than two full days of work to prosecute.

The motion is therefore granted in part and denied in part. Counsel is awarded fees in the amount of $10,000

IT IS SO ORDERED.


Date: <u>April 27, 2010</u>          <u>*/s/ John R. Adams*</u>
                                                    Judge John R. Adams
                                                    UNITED STATES DISTRICT COURT